UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DANIEL J. SULLIVAN,

                       Defendant.

Case # 17-CR-6122-FPG

DECISION AND ORDER

      Defendant Daniel J. Sullivan has moved for the early termination of his supervised release pursuant to 18 U.S. Code § 3583(e)(1). ECF No. 43. The government opposes the motion, ECF No. 47, and Probation has submitted two memoranda. ECF Nos. 48, 50. For the reasons set forth below, Defendant's motion is DENIED.

      In September 2017, Defendant pleaded guilty to a one-count information alleging a violation of 18 U.S.C. § 2252A(a)(5)(B)—knowing possession of prepubescent child pornography. ECF Nos. 13, 15. As part of his plea agreement, Defendant admitted that, in May 2017, he possessed a laptop containing "over 800 videos of minors engaging in sexually explicit conduct," and a portable hard drive containing "over 600 videos of minors engaging in sexually explicit conduct." ECF No. 14 at 4. Defendant also admitted that he distributed images of child pornography via the internet, and that some of those images involved "depictions of sadistic and masochistic conduct including depictions of minors being physically restrained." *Id.*

      Defendant's guideline imprisonment range was 97 months to 121 months. ECF No. 28 at 18. For several reasons, including Defendant's remorse, his compliance with pretrial-services conditions, and his success with sex-offender treatment, the Court concluded that six months'

incarceration constituted a reasonable sentence. ECF No. 36 at 15-16. The Court imposed a ten-year term of supervised release. *Id.* at 16.

On August 15, 2022, the Court denied Defendant's motion for early termination of supervised release. ECF No. 42. On January 2, 2024, Defendant filed the present motion. ECF No. 43. Defendant argues that early termination is appropriate given his "compliance [with supervision], successes, positive conduct, and rehabilitative strides." *Id.* at 3. Defendant has submitted a large swath of materials in support of his request. Among other things, Defendant (a) co-founded a non-profit organization dedicated to helping sex offenders "who have been held accountable[] live successful and law-abiding lives"; (b) pursued postsecondary education; (c) obtained employment at a law firm as a case manager/paralegal; (d) volunteers at a local homeless shelter; and (e) completed sex-offender treatment. *See generally* ECF Nos. 38, 43. In its memorandum, Probation notes Defendant's compliance with the conditions of his supervised release. ECF No. 48 at 1.

Section 3583(e)(1) permits a court to terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A court must consider the Section 3553(a) factors in making this determination, except that a court should not consider Section 3553(a)(2)(A)—*i.e.*, the need for a sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A). This is because "supervised release is not, fundamentally, part of the punishment," but rather serves "rehabilitative ends, distinct from those served by incarceration." *United States v. Brooks*, 889 F.3d 95, 99 (2d Cir. 2018). "The decision whether to grant early termination rests within the discretion of the district court." *United States v. Pestana*, No. 08-CR-581, 2023 WL 2898662, at *2 (S.D.N.Y. Apr. 11, 2023).

Having reviewed the relevant factors, the Court denies Defendant's request. Notwithstanding this conclusion, the Court must acknowledge the significant rehabilitative and public-service efforts that Defendant has undertaken. The evidence that Defendant has submitted demonstrates what he stated at sentencing: that he would "prove [his] remorse" through "[his] actions." ECF No. 36 at 7.

At present, however, other factors outweigh Defendant's rehabilitative efforts. One is the nature and circumstances of the offense. *See* 18 U.S.C. § 3553(a)(1). Defendant possessed a laptop containing over 800 videos, and a hard drive containing over 600 videos, of minors engaging in sexually explicit conduct. ECF No. 14 at 4. Defendant distributed child pornography via the internet, some of which involved prepubescent minors being subjected to sadistic and masochistic conduct. *Id.*

The nature of Defendant's criminal conduct makes it all the more important to ensure "adequate deterrence" to further criminal activity and protection of the public. 18 U.S.C. § 3553(a)(2)(B), (C). Supervision ensures that adequate safeguards remain in place. Defendant has remained in substantial compliance with the conditions of supervised release, but Probation has informed the Court that Defendant's truth verification examinations have not been universally successful. In August 2022, Defendant was found to be deceptive regarding accessing unmonitored internet capable devices, which were apparently instances in which other people had shown Defendant their phones. ECF No. 50 at 1. In October 2022, there was deception noted during Defendant's pre-polygraph test interview, when Defendant failed to disclose to the examiner that he had spent two nights in New York City with the approval of Probation. *Id.* at 2. While the Court does not in any way seek to imply that these instances are suggestive of recidivism,

even minor blemishes on Defendant's supervision record give the Court tremendous pause in light of Defendant's conviction.

For these reasons, the Court denies Defendant's request for early termination of supervised release.  This conclusion is consistent with Volume 8, Part E, Chapter 3, § 360.20(c)(1) of the Guide to Judiciary Policy, which provides that there is no presumption in favor of early termination for those who have committed sex offenses.  However, given the extensive efforts that Defendant has undertaken in connection with his rehabilitation, the Court is willing to entertain a renewed motion at a later date.

Therefore, Defendant's motion for early termination (ECF No. 43) is DENIED, without prejudice to renewal on or after April 25, 2025.

IT IS SO ORDERED.

Dated: April 25, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York