UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 17-CR-6122-FPG

DECISION AND ORDER

DANIEL J. SULLIVAN,

                Defendant.

Defendant Daniel J. Sullivan has moved for the early termination of his supervised release pursuant to 18 U.S. Code § 3583(e)(1). ECF No. 52. The government opposes the motion, ECF No. 54, and Probation has submitted a memorandum. ECF No. 56. For the reasons set forth below, Defendant's motion is GRANTED.

In September 2017, Defendant pleaded guilty to a one-count information alleging a violation of 18 U.S.C. § 2252A(a)(5)(B)—knowing possession of prepubescent child pornography. ECF Nos. 13, 15. As part of his plea agreement, Defendant admitted that, in May 2017, he possessed a laptop containing "over 800 videos of minors engaging in sexually explicit conduct," and a portable hard drive containing "over 600 videos of minors engaging in sexually explicit conduct." ECF No. 14 at 4. Defendant also admitted that he distributed images of child pornography via the internet, and that some of those images involved "depictions of sadistic and masochistic conduct including depictions of minors being physically restrained." *Id.*

Defendant's guideline imprisonment range was 97 months to 121 months. ECF No. 28 at 18. For several reasons, including Defendant's remorse, his compliance with pretrial-services conditions, and his success with sex-offender treatment, the Court concluded that six months'

incarceration constituted a reasonable sentence. ECF No. 36 at 15-16. The Court imposed a ten-year term of supervised release. *Id.* at 16.

On August 15, 2022, the Court denied Defendant's motion for early termination of supervised release. ECF No. 42. On April 25, 2024, the Court denied Defendant's second motion for early termination of supervised release. ECF No. 51. However, the Court did so "without prejudice to renewal on or after April 25, 2025." *Id.* at 4. This is because Defendant's second motion presented a strong claim for relief. In its decision, the Court "acknowledge[d] the significant rehabilitative and public-service efforts that Defendant has undertaken," which substantiated what Defendant's intent at sentencing: "that he would 'prove [his] remorse' through '[his] actions.'" *Id.* at 3 (quoting ECF No. 36 at 7). Militating against early termination at that time, however, was "the nature and circumstances of the offense" and some "minor blemishes" on Defendant's supervision record. *Id.* at 3-4. Because Defendant's motion presented a close call, the Court was "willing to entertain a renewed motion at a later date." *Id.* at 4.

Defendant has accepted the Court's invitation and filed a third motion for early termination of supervised release. ECF No. 52. Defendant has submitted another letter from his employer, who again confirms that Defendant "remains an outstanding employee and has become a personal friend." ECF No. 52-1 at 1. Moreover, Probation affirms that Defendant has been in compliance with his conditions of supervision and has passed his most recent truth verification test. *See* ECF No. 56 at 1.

The government and Probation continue to oppose early termination. While recognizing Defendant's "good conduct [] on supervision," the government emphasizes the seriousness of the offense and the continuing need to deter Defendant and others from such conduct. ECF No. 54 at 1-5. Furthermore, the government contends that Defendant should not receive an additional

2

benefit for simply complying with the requirements of supervision, after having received a "substantial benefit when he was sentenced to serve only 6 months—a rare occurrence in federal child pornography cases." *Id.* at 6.  Citing Volume 8, Part E, Chapter 3, § 360.20(c)(1) of the Guide to Judiciary Policy, Probation opposes the motion and argues that "an offender who has committed a sex offense should not be considered for early termination." ECF No. 56 at 1.

Having reviewed the materials, including those submitted in connection with Defendant's prior applications, the Court concludes that early termination is warranted.

Section 3583(e)(1) permits a court to terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  A court must consider the Section 3553(a) factors in making this determination, except that a court should not consider Section 3553(a)(2)(A)—*i.e.*, the need for a sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A).  This is because "supervised release is not, fundamentally, part of the punishment," but rather serves "rehabilitative ends, distinct from those served by incarceration." *United States v. Brooks*, 889 F.3d 95, 99 (2d Cir. 2018).  "The decision whether to grant early termination rests within the discretion of the district court." *United States v. Pestana*, No. 08-CR-581, 2023 WL 2898662, at *2 (S.D.N.Y. Apr. 11, 2023).

The Court has long viewed Defendant's case as unique, as the original sentence reflects. Since his arrest, Defendant has succeeded in sex-offender treatment and engaged in extraordinary efforts to volunteer, education himself, and maintain employment.  Probation's memorandum discloses Defendant's compliance with all conditions, including satisfaction of his financial obligations, maintenance of full-time employment, and compliance with registration, disclosure,

3

and testing requirements. *See* ECF No. 56 at 1. Defendant is assessed as having a low risk of recidivism. *See, e.g.*, ECF No. 39-1 at 72; ECF No. 43-1 at 4.

Over the last seven years of supervised release, Defendant has continued in his extraordinary efforts, substantiating his continued rehabilitation and remorse that he had already clearly demonstrated at the time of sentencing. As it stands, further supervised release would not serve any greater "rehabilitative end[]." *Brooks*, 889 F.3d at 99.

Accordingly, Defendant's motion for early termination of supervised release (ECF No. 52) is GRANTED.

IT IS SO ORDERED.

Dated: September 23, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York